

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

MICHAEL A. WILLIAMS,

    Petitioner,

v.                                    Civil Action No. 3:07CV523

GENE JOHNSON,

    Respondent.

MEMORANDUM OPINION

Michael A. Williams, a Virginia state inmate proceeding pro se, brings this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Johnson has moved to dismiss on the grounds that the petition is barred by the one-year statute of limitations governing federal habeas petitions. The matter is ripe for disposition.

I. PROCEDURAL HISTORY

Williams was convicted in the Circuit Court for the County of Essex("Circuit Court") of capital murder, conspiracy to commit robbery, breaking and entering in the nighttime while armed with a deadly weapon, attempted robbery, and use of a firearm while attempting to commit robbery. On December 30, 2003, the Circuit Court entered final judgment on Williams's convictions and sentences for those offenses. Williams appealed. On May 31, 2005, the Supreme Court of Virginia refused Williams's petition for appeal. The Supreme Court of Virginia refused Williams's petition for rehearing on September 23, 2005.

Thereafter, in October of 2006, Williams filed a federal petition for a writ of habeas corpus with this District Court ("the October 2006 Federal Petition"). On January 16, 2007, the Court granted Williams's motion to voluntarily dismiss that federal petition for a writ of habeas corpus.

On March 2, 2007, Williams executed a state petition for a writ of habeas corpus and submitted the same to the Supreme Court of Virginia. On April 30, 2007, the Supreme Court of Virginia dismissed the petition on the grounds that it was untimely under Virginia Code Section 8.01-654(A)(2).[1]

On August 11, 2007, Williams executed his present federal petition for a writ of habeas corpus and apparently delivered the same to the prison officials for mailing. For purposes of the present motion, the federal petition will be deemed filed as of that date. See Houston v. Lack, 487 U.S. 266, 276 (1988).

## II. LIMITATIONS PERIOD FOR FEDERAL HABEAS RELIEF

Williams's 28 U.S.C. § 2254 petition is subject to a one-year statute of limitations. Specifically, 28 U.S.C. § 2244(d) provides that:

---

[1] That statute provides, in pertinent part, that "[a] habeas corpus petition attacking a criminal conviction or sentence . . . shall be filed within two years from the date of final judgment in the trial court or within one year from either final disposition of the direct appeal in state court or the time for filing such appeal has expired, whichever is later." Va. Code Ann. (West 2007).

2

    1. A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--
      (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
      (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
      (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
      (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

    2. The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

## II. TIMELINESS OF WILLIAMS'S PETITION

Williams's conviction became final, as that term is defined in 28 U.S.C. § 2244(d)(1)(A), on December 23, 2005, the last date to file a petition for a writ of certiorari with the Supreme Court of

3

the United States from the decision of the Supreme Court of Virginia. See Clay v. United States, 537 U.S. 522, 527 (2003). Hence, Williams had one year from that date to file this federal petition for a writ of habeas corpus. Williams did not file the present federal petition for a writ of habeas corpus until more than a year and half later. Thus, the present action is barred by the federal statute of limitations.

Williams responds that the action is timely based upon principles of statutory and equitable tolling. First, Williams suggests that the limitation period was tolled, pursuant to 28 U.S.C. § 2244(d)(2), while his petition for a writ of habeas corpus was pending before the Supreme Court of Virginia. Williams is wrong. See Pace v. DiGuglielmo, 544 U.S. 408, 417 (2005). The statutory tolling mechanism specified in § 2244(d)(2) is only available for "properly filed" applications for post-conviction relief. 28 U.S.C. § 2244(d)(2). "Because the state court rejected petitioner's . . . petition as untimely, it was not 'properly filed,' and he is not entitled to statutory tolling under § 2244(d)(2)." Pace, 544 U.S. at 417 (quoting 28 U.S.C. § 2244(d)(2)).

Next, Williams contends that he otherwise is entitled to equitable tolling of the limitation period. "[T]o be entitled to equitable tolling, an otherwise time-barred petitioner must present '(1) extraordinary circumstances, (2) beyond his control or external

to his own conduct, (3) that prevented him from filing on time.'" United States v. Sosa, 364 F.3d 507, 512 (4th Cir. 2004) (quoting Rouse v. Lee, 339 F.3d 238, 246 (4th Cir. 2003) (en banc)). Williams fails to articulate what extraordinary circumstance, beyond his control, prevented him from filing in a timely fashion. To the extent that Williams suggests equitable tolling is warranted because he made some innocent errors in interpreting the operation of the state and federal limitation periods, his "misconception about the operation of the statute of limitations is neither extraordinary nor a circumstance external to his control." Sosa, 364 F.3d at 512. Accordingly, Johnson's motion to dismiss (Docket No. 5) will be GRANTED.[2] Williams's motions for the appointment of counsel (Docket No. 2) and for summary judgment (Docket No. 10) will be DENIED. The action will be DISMISSED.

An appropriate Order shall issue.

                                          /s/           REP
                              Robert E. Payne
                              Senior United States District Judge

Date: February 5, 2008
Richmond, Virginia

---

[2] In his motion for summary judgment, Williams suggests that Johnson's motion to dismiss was untimely. The September 6, 2007 Memorandum Order directed Johnson to file his response within thirty (30) days of his receipt of that Memorandum Order. Williams has not demonstrated that Johnson's October 10, 2007 motion to dismiss was untimely.